Peter C. Renn (*Pro Hac Vice* Admission Pending)
prenn@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
Telephone:	(213) 382-7600
Facsimile:	(213) 351-6050

Kara N. Ingelhart (*Pro Hac Vice* Admission Pending)
kingelhart@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
105 W. Adams St., 26th Fl.
Chicago, IL 60603
Telephone:	(312) 663-4413
Facsimile:	(312) 663-4307

Monica G. Cockerille (ISB No. 5532)
monicacockerille@me.com
Cockerille Law Office, PLLC
2291 N. 31st St.
Boise, ID 83703
Telephone:	(208) 343-7676
Facsimile:	(866) 226-2499

Attorneys for Plaintiff F.V.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V.,<br><br>　　　　　　*Plaintiff*,<br><br>　　v.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health for the Idaho Department of Health and Welfare; and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics, | No.<br><br>**PLAINTIFF F.V.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY** |

*Defendants*.

### PLAINTIFF F.V.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY

NOW COMES Plaintiff F.V., by and through her undersigned counsel, and respectfully submits this Memorandum of Law in support of her Motion to proceed anonymously, under her initials, in order to protect her identity from public disclosure.

### INTRODUCTION

Plaintiff F.V., a transgender woman born in Idaho and living in Hawaiʻi, is challenging the constitutionality of the State of Idaho's policy and practice of categorically barring transgender persons from correcting the gender marker on their birth certificates to match their gender identity (hereinafter, the "Birth Certificate Policy"). F.V. seeks leave to proceed anonymously in this action in order to protect her privacy and safety. Transgender persons have long been subject to stigma, discrimination, harassment, and even violence on account of their transgender status. Moreover, a person's transgender status and medical information constitute sensitive and highly personal information, the forcible disclosure of which, as F.V. alleges in this action, violates her constitutional right to privacy. Requiring transgender people, such as F.V., to disclose their identities in public court records in order to vindicate their constitutional rights, including their right to privacy, would expose them to the very harms they seek to remedy and prevent: stigmatization, discrimination, harassment, and even violence.

Accordingly, F.V. respectfully asks this Court for permission to bring this action using an assumed name, under her initials, for the purpose of protecting her identity from public disclosure. F.V. has no objection to providing her actual name to the Defendants and the Court, subject to entry of the proposed order barring unnecessary dissemination of her identity and

requiring any document revealing her identity to be filed under seal.  Finally, in moving to proceed under her initials, F.V. does not intend to prevent the public from observing the proceedings or rulings of this Court but only to prevent disclosure of her identity.

## ARGUMENT

Although, as a general matter, a complaint must state the names of all parties, Fed. R. Civ. P. 10(a), a party may be permitted to proceed under a pseudonym in an appropriate case. *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015).  Indeed, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).[1] The Ninth Circuit "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile Corp.*, 214 F.3d at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

In evaluating a request for anonymity, the court should determine the need for anonymity by evaluating whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.  When a party requests anonymity, "the factors to be 'balance[d] . . . against the general presumption that parties' identities are public information,' are: '(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation.'" *Ayers*, 789 F.3d at 945 (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

---

[1] *See also Ayers*, 789 F.3d at 946; *Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004); *Doe v. Madison Sch. Dist. No. 321,* 147 F.3d 832, 833 n.1 (9th Cir. 1998), *vacated on other grounds,* 177 F.3d 789 (9th Cir. 1999) (en banc); *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997); *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993); *Doe v. INS,* 867 F.2d 285, 286 n.1 (6th Cir. 1989) ("*Doe I*"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981); *Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981), *aff'd,* 669 F.2d 67 (2d Cir. 1982).

Anonymity is allowed where identification "creates a risk of . . . physical or mental harm." *Advanced Textile Corp.,* 214 F.3d at 1068.  See also *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994-95 (N.D. Cal. 2015) (hereinafter, "*Jane Roes*") ("[W]hether a plaintiff seeking anonymity faces any harm . . . is, again, a recognized basis for granting anonymity."); *Doe,* 655 F.2d at 922 n.1 (using pseudonyms where informant "faced a serious risk of bodily harm").  In addition, Federal Rule of Civil Procedure 26(c) specifically permits the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

Courts within the Ninth Circuit have allowed plaintiffs to proceed anonymously in cases in which "plaintiffs express a legitimate concern for their privacy and, more compelling for the anonymity analysis, an understandable fear of social stigmatization." *Jane Roes*, 77 F. Supp. 3d at 993.  See also *J.J. v. Olympia Sch. Dist.,* No. C16-5060 BHS, 2016 WL 3597784, at *2 (W.D. Wash. July 5, 2016) (finding that, in light of the social stigma associated with being the victim of a sexual assault, the Plaintiff would "'experience significant psychological harm on a more probable than not basis' if his full name [were] disclosed." (citation omitted)); *Doe v. Mozer*, No. 2:16-CV-00210-KJD-VCF, 2016 WL 3536857, at *1 (D. Nev. June 27, 2016) (granting the motion to proceed under fictitious name because the court agreed that Plaintiff's sexual health and details of his sexually transmitted disease is a highly sensitive matter); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (concluding that Plaintiff had established her need for anonymity outweighed the public's interest in knowing her identity where there were allegations of sexual assault and fear of public exposure and the stigma of having been victim to such a crime).

**A. Denial of The Motion To Proceed Anonymously Would Necessarily Require The Disclosure of Private, Highly Personal and Sensitive Information.**

The Ninth Circuit has recognized that anonymity is warranted where it is needed to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile Corp.*, 214 F.3d at 1068 (citation omitted).  F.V.'s challenge to Idaho's Birth Certificate Policy is based on the need to protect her from the disclosure of highly personal and sensitive information, namely, F.V.'s transgender status and medical information.  Specifically, the disclosure of F.V.'s identity would mean the disclosure of her transgender status and diagnosis of gender dysphoria.  Courts have recognized that a person's transgender status is of an "excrutiatingly [sic] private and intimate nature" that "is really beyond debate" "for persons who wish to preserve privacy in the matter."  *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999).  *See also Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that "requiring Plaintiffs to disclose their transgender status . . . directly implicates their fundamental right of privacy"), *reconsideration denied*, No. 15-11834, 2016 WL 106612 (E.D. Mich. Jan. 10, 2016); *K.L. v. Alaska*, No. 3AN-11-05431 CI, 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012) ("The Court agrees that one's transgender[] status is private, sensitive personal information" and "is entitled to protection.").  Simply put, one's gender identity is "among the most intimate parts of one's life." *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) (hereinafter "*Blue Cross*").

Recognizing the highly personal and sensitive nature of a person's transgender status, courts have routinely allowed transgender litigants to proceed under pseudonym.  *See, e.g.*, *Doe v. D.C.*, No. CV 13-878 (RDM), 2016 WL 6088262 (D.D.C. Oct. 18, 2016); *Love*, 146 F. Supp. 3d 848; *Doe v. United Consumer Fin. Servs.*, 2001 WL 34350174 (N.D. Ohio Nov. 9, 2001); *Blue Cross*, 794 F. Supp. at 74 (allowing transgender plaintiff to proceed pseudonymously

5

because "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion."); *McClure v. Harris*, 503 F. Supp. 409 (N.D. Cal. 1980), *rev'd on other grounds, sub nom. Schweiker v. McClure*, 456 U.S. 188 (1982); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Tex. 1980); *Doe v. Alexander*, 510 F. Supp. 900 (D. Minn. 1981). Furthermore, F.V.'s medical condition, gender dysphoria, would be released to the public if this motion is not granted. There is no question that medical condition such as gender dysphoria is highly private information warranting protection from disclosure. *See Powell*, 175 F.3d at 112 ("transsexuals are among those who possess a constitutional right to maintain medical confidentiality."); *see also Doe v. Stand. Ins. Co.*, No. 1:15-CV-00105-GZS, 2015 WL 5778566, at *2 n.1 (D. Me. Oct. 2, 2015) (noting that "many courts have recognized pseudonym use" in cases involving mental health).

Based on the above, "the Court [should] find[] Plaintiff's privacy interest is sufficient to proceed under a fictitious name." *Mozer*, 2016 WL 3536857, at *2.

### B. Disclosure of F.V.'s Identity Would Expose Her to Stigmatization, Discrimination, Harassment, And Violence.

The Court must also consider the plaintiff's claim that disclosing her identity would subject her to potential harm. *Jane Roes*, 77 F. Supp. 3d at 994. Where "plaintiffs have identified an adequate threat of personal embarrassment and social stigmatization" courts have "allow[ed] them to proceed under . . . pseudonyms." *Id*. A "compelling [concern] for the anonymity analysis" is "an understandable fear of social stigmatization." *Id*. at 993.

"The hostility and discrimination that transgender individuals face in our society today is well documented." *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. 2014). *See also Love*, 146 F. Supp. 3d at 856 (noting "there is a great deal of animosity towards the transgender community"); *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) (noting

6

that "transgender people have suffered a history of persecution and discrimination" and that "this history of persecution and discrimination is not yet history"). Nearly half (48%) of transgender people have been denied equal treatment, verbally harassed, and/or physically attacked because of being transgender. *See* S.E. JAMES, ET AL., THE REPORT OF THE 2015 U.S. TRANSGENDER SURVEY, NATIONAL CENTER FOR TRANSGENDER EQUALITY 198 (December, 2016), http://www.transequality.org/sites/default/files/docs/usts/USTS%20Full%20Report%20-%20FINAL%201.6.17.pdf.  Specifically, nearly half (46%) of transgender people have been verbally harassed and almost one in ten (9%) have been physically attacked because of being transgender. *Id*. Indeed, a person's a transgender status "is likely to provoke . . . hostility and intolerance from others." *Powell*, 175 F.3d at 111.

As alleged in the complaint, F.V. has personally experienced stigmatization, discrimination, harassment, and violence based on her transgender status. *See* Compl. at ¶¶ 51, 53-54. F.V. was physically assaulted in high school while she was transitioning. *Id.* at ¶ 51. And on another occasion an aggressor used the epithet "faggot" as he described his intention to assault her. *Id*. Specifically, F.V.'s use of identity documents with incongruent gender markers has exposed her to stigma, harassment, and violence. *Id*. at ¶¶ 51, 53-54. Epithets ("tranny" and "faggot") were used to stigmatize and harass F.V. at the social security office after her transgender status was disclosed through the use of her birth certificate. *Id*. at ¶ 53. Once, F.V. presented her driver's license to a cashier (before she had changed its gender marker), thereby disclosing her transgender status to the cashier. *Id*. at ¶ 54. Then, a strange man, who had witnessed that cashier's reaction, stalked F.V. through the parking lot at night and made sexually explicit comments toward her. *Id.*

Thus, because of the stigma placed upon transgender individuals and the real risks of

discrimination, harassment, and violence transgender people face on account of their transgender status, courts have allowed transgender plaintiffs to proceed under pseudonyms. *See, e.g.*, *Blue Cross*, 794 F. Supp. at 74 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure."); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (Sup. Ct. 2009) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public."). Indeed, the "most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Blue Cross*, 794 F. Supp. at 74 (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)). In this case, F.V. has alleged that she fears she could be subjected to discrimination, harassment, and violence should her transgender status become publicly known. Based on the above, F.V.'s fears that she is vulnerable are reasonable and the harm threatened is severe.

F.V.'s fears are based on the widespread misunderstanding of, and hostility towards, transgender persons, which has resulted in discrimination and harassment, as well as the prevalence of violence against transgender individuals. The threat of physical harm to transgender individuals due to the disclosure of their transgender status is real. As one court recognized, "there exist numerous documented instances of those targeted for violence based on their . . . gender identity." *In re E.P.L.*, 891 N.Y.S.2d at 621.

    C. **Granting F.V.'s Request Would Cause No Prejudice to Defendants.**

F.V. does not seek to withhold her identity from Defendants or the Court, but only to proceed anonymously, under her initials, and to prevent disclosure of her identity in public

documents. Allowing F.V. to proceed anonymously under the aforementioned conditions will not prejudice Defendants; Defendants will know F.V.'s identity, subject to appropriate privacy safeguards. *See Advanced Textile Corp.*, 214 F.3d at 1069 n.11 ("[W]hatever knowledge defendants have of plaintiffs' identifies . . . lessens their claims to be prejudiced by the use of pseudonyms."). "[A]nonymity need not, and should not, impede either party's ability to develop its case" given the court's "'powers to manage pretrial proceedings' to shape discovery and avoid impediments that anonymity might raise." *See Jane Roes*, 77 F. Supp. 3d at 996 (quoting *Advanced Textile Corp.*, 214 F.3d at 1069).

### D. The Public Interest Counsels In Favor Of Granting F.V.'s Request To Proceed Pseudonymously.

The protection of constitutional rights and liberties is of the utmost public interest, and lawsuits seeking to vindicate and protect those rights serve the public. F.V. simply seeks to vindicate and protect her constitutional rights and liberties, which apply to all persons in Idaho. Forcing an individual to disclose the very information she argues would violate her constitutional right to privacy would dissuade other individuals from bringing forth such claims and encourage the violation of the fundamental right to privacy. *Doe v. Cty. of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *6 (E.D. Cal. Dec. 2, 2013) (granting anonymity where "[t]he issues presented [were] of constitutional dimension, and should be decided on the merits" and where "Plaintiff's identity appear[ed] to have no bearing on the resolution of the issues"). "Indeed, anonymity may serve the public's interest in the lawsuit by enabling it to go forward." *Id.* at *5 (internal quotation marks omitted) (citation omitted).

F.V.'s request does not seek to restrict the public's right to access the materials, proceedings, and court rulings in this case. It is narrowly tailored to prevent the disclosure of her identity. "Anonymity . . . does not . . . threaten the principle of open courts," particularly where,

"[t]he great bulk of [a] case will be on the public record," including "[t]he basic facts," "the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things—which is to say, in a word, the *law* that runs through and results from [a] case—will be open to the public." *Jane Roes*, 77 F. Supp. 3d at 996 (emphasis in original).

Thus, "[t]he public also has an interest in seeing this case decided on the merits" and permitting F.V. to proceed pseudonymously "will serve the public's interest in this lawsuit by enabling [the claims she presents] to go forward." *Advanced Textile Corp.*, 214 F.3d at 1073.

## CONCLUSION

The risks associated with the disclosure of F.V.'s identity are real and substantial, and F.V. should not be required to risk exacerbating the very harms she is attempting to prevent in an effort to enforce her rights. Therefore, a protective order is necessary to prevent F.V. from being forced to reveal sensitive personal and medical information. Such an order would not compromise Defendants' ability to conduct their defense. For the foregoing reasons, F.V. respectfully requests the Court to grant this motion to proceed anonymously under her initials.

DATED: April 18, 2017      By:     /s/ Monica G. Cockerille

Monica G. Cockerille (ISB No. 5532)
monicacockerille@me.com
Cockerille Law Office, PLLC
2291 N. 31st St.
Boise, ID 83631
Telephone:    (208) 343-7676
Facsimile:    (866) 226-2499

Peter C. Renn*
prenn@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
Telephone:    (213) 382-7600
Facsimile:    (213) 351-6050

Kara N. Ingelhart*
kingelhart@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
105 W. Adams St., 26th Fl.
Chicago, IL 60603
Telephone:     (312) 663-4413
Facsimile:     (312) 663-4307

**Pro Hac Vice* Admission Pending

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Not Applicable (no defendant has yet appeared)

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via U.S. first class mail, postage prepaid addressed as follows:

Richard Armstrong
Office of the Director
Idaho Department of Health and Welfare
10th Floor, Pete T. Cenarrusa Building
450 W. State Street
Boise, ID 83720-0036

Elke Shaw-Tulloch
Administrator, Division of Public Health
Idaho Department of Health and Welfare
4th Floor, Pete T. Cenarrusa Building
450 W. State Street
Boise, ID 83720-0036

James Aydelotte
Chief and State Registrar
Bureau of Vital Records and Health Statistics
1st Floor, Pete T. Cenarrusa Building
450 West State Street
Boise, ID 83720-0036

State of Idaho
Office of the Attorney General
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720-0010

/s/ Monica G. Cockerille
Monica G. Cockerille
Attorney for Plaintiff