LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief of Civil Litigation Division

W. SCOTT ZANZIG, ISB # 9361
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Fax:  (208) 854-8073
scott.zanzig@ag.idaho.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN, | ) |
| | ) Case No. 1:17-cv-000170-CWD |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **ANSWER TO FIRST AMENDED** |
| | ) **COMPLAINT FOR DECLARATORY** |
| RICHARD M. ARMSTRONG, in his official | ) **AND INJUNCTIVE RELIEF (Dkt. 19)** |
| capacity as Director of the Idaho Department | ) |
| of Health and Welfare and ELKE SHAW- | ) |
| TULLOCH, in her official capacity as | ) |
| Administrator of the Division of Public Health | ) |
| the Idaho Department of Health and Welfare, | ) |
| and JAMES AYDELOTTE, in his official | ) |
| capacity as State Registrar and Chief of the | ) |
| Bureau of Vital Records and Health Statistics, | ) |
| | ) |
| Defendants. | ) |

Defendants Russell Barron,[1] in his official capacity as Director of the Idaho Department

of Health and Welfare, Elke Shaw-Tulloch, in her official capacity as Administrator of the

---

[1] Mr. Barron has succeeded Richard Armstrong and is substituted as a defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

ANSWER TO FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF (Dkt. 19) - 1

Division of Public Health for the Idaho Department of Health and Welfare, and James Aydelotte, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics (collectively "Defendants"), answer the First Amended Complaint for Declaratory and Injunctive Relief as follows:

## ANSWER

1. Answering paragraph 1, Defendants lack information sufficient to form a belief as to the truth of Plaintiffs' allegations about their gender identity. Defendants admit that Plaintiffs' birth certificates indicate that their sex at birth was male.

2. Answering paragraph 2, Defendants admit that identity documents facilitate a person's ability to access services, but deny that a birth certificate is typically required as an identity document for the services listed. Defendants admit that a birth certificate is sometimes required to obtain other identity documents.

3. Answering paragraph 3, Defendants deny that Idaho birth certificates reflect a person's "gender identity." The Idaho birth certificate reflects the "sex" of a person at birth. In the event that fact is recorded in error, Idaho law permits the error to be corrected.

4. Answering paragraph 4, Defendants deny that Idaho birth certificates contain a "gender marker" designation. The Idaho birth certificate reflects the "sex" of a person at birth. Defendants admit that unless there was an error in identifying the sex at birth, there is no provision in Idaho law that permits the listed sex to be changed on the birth certificate. Defendants admit that many other states have enacted laws that permit a change to the sex listed on a birth certificate, and that the rules for such a change vary widely from state to state. Many, but not all, require a court order or physician's affidavit certifying that the applicant has undergone sex reassignment surgery or other treatment to permanently change his or her sex. Defendants admit that Idaho law permits a transgender person to change his or her driver's license to reflect a sex change.

5. Answering paragraph 5, Defendants admit that they are aware of no rational basis justifying a prohibition against changing the sex designation on the birth certificate of a

ANSWER TO FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF (Dkt. 19) - 2

transgender person who has undergone clinically appropriate treatment to permanently change his or her sex.

6. Answering paragraph 6, Defendants lack information sufficient to form a belief as to the truth of Plaintiff F.V.'s allegations about her gender identity. Defendants admit that F.V. was born in Idaho and that her birth certificate indicates that her sex at birth was male.

7. Answering paragraph 7, Defendants lack information sufficient to form a belief as to the truth of Plaintiff Dani Martin's allegations about her gender identity. Defendants admit that Dani Martin was born in Idaho and that her birth certificate indicates that her sex at birth was male.

8. Defendants admit the allegations in paragraph 8, provided that Russell Barron is substituted for Richard Armstrong.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Answering paragraph 11, Defendants admit that the Court currently has jurisdiction over this dispute.

12. Answering paragraph 12, Defendants admit that venue is proper in this Court.

13. Answering paragraph 13, Defendants admit that the Court has authority to enter declaratory and injunctive relief in a proper case.

14. Answering paragraph 14, Defendants admit that the Court currently has personal jurisdiction over them.

15. Answering paragraph 15, Defendants admit that the American Psychological Association ("APA") defines "gender identity" as "a person's internal sense of being male, female, or something else." According to the APA, "studies suggest that both biological and environmental variables may play a role in transgender development." (http://www.apa.org/monitor/2013/04/biology.aspx). Defendants deny the allegation that gender identity is "fixed" at an early age. Some persons who identify as one gender later transition to another.

ANSWER TO FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF (Dkt. 19) - 3

16. Answering paragraph 16, Defendants admit that the majority of people have a gender identity that matches their sex at birth, but that, according to the APA, in transgender persons, their "gender identity, gender expression, or behavior does not conform to that typically associated with the sex to which they were assigned at birth."

17. Answering paragraph 17, Defendants admit that a person's sex at birth is typically determined based on an observation of external male or female genitalia, and that chromosomes, hormones, and internal reproductive organs can be related to sex. According to the APA, gender is different from sex, and refers to "the socially constructed roles, behaviors, activities, and attributes that a given society considers appropriate for boys and men or girls and women."

18. Answering paragraph 18, Defendants deny that a person's gender identity determines his or her sex. According to the APA, sex "is assigned at birth and refers to one's biological status as either male or female, and is associated primarily with physical attributes such as chromosomes, hormone prevalence, and external and internal anatomy." Defendants admit that attempts to change an individual's gender identity may have negative effects.

19. Answering paragraph 19, Defendants admit that gender dysphoria is a mental condition that varies in severity from person to person. Defendants admit that in severe cases gender dysphoria can lead to serious negative consequences. According to the APA, there are a variety of treatment options for gender dysphoria, including "counseling, cross-sex hormones, puberty suppression and gender reassignment surgery." (https://www.psychiatry.org/patients-families/gender-dysphoria/what-is-gender-dysphoria)

20. Answering paragraph 20, Defendants admit that living in a manner consistent with gender identity or transition may be part of the treatment for gender dysphoria.

21. Answering paragraph 21, Defendants admit that transgender persons may take varying steps to transition, and that such steps may include social transition, hormone therapy, and surgical change, which is sometimes referred to as sex reassignment, gender reassignment, or gender confirmation surgery.

ANSWER TO FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF (Dkt. 19) - 4

22. Answering paragraph 22, Defendants admit that, according to the APA, "there is no 'right' way to transition genders" that applies to all transgender persons, and that transitioning is an individualized process. Social transitioning "may involve one or more of the following: adopting the appearance of the desired sex through changes in clothing and grooming, adopting a new name, [or] changing sex designation on identity documents (if possible)."

23. Answering paragraph 23, Defendants admit that hormone therapy designed to assist transgender persons transition typically involves taking hormones associated with the sex opposite of that assigned at birth.

24. Answering paragraph 24, Defendants admit that surgery designed to assist transgender persons transition typically involves genital or chest surgery. This surgery is sometimes referred to as sex reassignment, gender reassignment, or gender confirmation surgery. Defendants admit that not all transgender persons choose to undergo this surgery, based on personal and financial factors.

25. Answering paragraph 25, Defendants admit that transition generally does not change a person's gender identity, because the person is taking steps to make social and sometimes physical changes to align with his or her internal feelings.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny them.

27. Answering paragraph 27, Defendants admit that a birth certificate is more than a piece of paper. Defendants deny the remaining allegations.

28. Answering paragraph 28, Defendants admit that a birth certificate is an important government document, and that persons sometimes use a copy of the document to prove identity and the facts of birth.

29. Answering paragraph 29, Defendants admit that persons sometimes use birth certificates to obtain other identity documents, prove age, or satisfy other requirements.

/ / /

30.     Answering paragraph 30, Defendants admit that most persons use a birth certificate to prove identity or age occasionally through life, but note that other forms of identification (e.g., driver's license, passport) are used far more frequently.

31.     Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny them.

32.     Answering paragraph 32, Defendants admit that a transgender person who uses a birth certificate that contains a sex designation other than his or her gender identity may disclose transgender status, and that such person may want to keep that status private.

33.     Answering paragraph 33, Defendants note that the 2015 Transgender Survey acknowledges that respondents in the study "were not randomly sampled and the actual population characteristics of transgender people in the U.S. are not known. Therefore, it is not appropriate to generalize the findings in this study to all transgender people."  Therefore, Defendants deny the allegations in paragraph 33 to the extent Plaintiffs contend that the study accurately reflects the experience of all transgender people.

34.     Answering paragraph 34, Defendants note that according to the FBI's 2015 Hate Crime Statistics, 122 out of 7,173 (1.7%) of hate crime victims in the United States were victims of gender-identity hate crimes.  (https://ucr.fbi.gov/hate-crime/2015/home/topic-pages/victims_final.)  In Idaho, there were no reported gender-identity hate crimes. (https://ucr.fbi.gov/hate-crime/2015/tables-and-data-declarations/13tabledatadecpdf/table-13-state-cuts/table_13_idaho_hate_crime_incidents_per_bias_motivation_and_quarter_by_agency_2015.xls). Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore deny them.

35.     Answering paragraph 35, Defendants admit that a transgender person whose outward appearance conflicts with the sex designation on his or her birth certificate may experience questions from a person to whom the transgender person submits the certificate.

36.     Answering paragraph 36, Defendants deny that Idaho's birth certificate contains any gender identity or marker for such identity.  Idaho's birth certificate reflects a person's sex at

birth, not his or her internal gender identity. Defendants admit that Idaho law does not provide a process for changing a person's designated sex at birth except in the event of an error. Defendants also admit that an Idaho statute and rule generally require revision history in the event of a change, except where otherwise provided by law.

37. Answering paragraph 37, Defendants admit that no Idaho law permits a change to the sex designation on a person's birth certificate, except in the case of error.

38. Paragraph 38 contains legal argument that requires no response in this answer.

39. Answering paragraph 39, Defendants admit that 46 states permit transgender persons to change the sex designation on their birth certificates, and that the process varies from state to state, with some states requiring court orders, some requiring surgical changes, and others requiring confirmation from a licensed medical professional certifying that the applicant has undergone appropriate treatment to permanently change his or her sex.

40. Defendants admit the allegations in paragraph 40.

41. Answering paragraph 41, Defendants admit that the Idaho Department of Transportation permits a change of sex designated on a driver's license under certain circumstances.

42. Answering paragraph 42, Defendants admit that an Idaho statute and rule generally require revision history in the event of a change, except where otherwise provided by law.

43. Answering paragraph 43, Defendants admit that they are aware of no compelling, substantial, or rational basis justifying a prohibition against changing the sex designation on the birth certificate of a transgender person who has undergone clinically appropriate treatment to permanently change his or her sex.

44. Answering paragraph 44, Defendants admit that they are aware of no substantial or rational basis justifying a prohibition against changing the sex designation on the birth certificate of a transgender person who has undergone clinically appropriate treatment to permanently change his or her sex.

45. Defendants deny the allegations in paragraph 45.

46. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny them.

47. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny them.

48. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny them.

49. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny them.

50. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny them.

51. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny them.

52. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore deny them.

53. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny them.

54. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny them.

55. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny them.

56. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny them.

57. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny them.

58. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny them.

59. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny them.

60. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny them.

61. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny them.

62. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny them.

63. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny them.

64. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore deny them.

65. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore deny them.

66. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore deny them.

67. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore deny them.

68. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore deny them.

69. Answering paragraph 69, Defendants incorporate their prior responses.

70. Defendants admit the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Answering paragraph 74, Defendants deny that they are discriminating against transgender persons and that established law would require strict scrutiny of such alleged

discrimination. Defendants admit the allegations in paragraphs 74.a. and 74.c. Defendants are unable to answer the allegations in paragraphs 74.b. and 74.d. due to their highly generalized and argumentative nature.

    75.    Answering paragraph 75, Defendants admit that Plaintiffs may be able to establish a violation of the Equal Protection Clause if there is no conceivable rational basis justifying a prohibition against changing the sex designation on the birth certificate of a transgender person who has undergone clinically appropriate treatment to permanently change his or her sex. Defendants deny the remaining allegations.

    76.    Answering paragraph 76, Defendants incorporate their prior responses.

    77.    Defendants admit the allegations in paragraph 77.

    78.    Answering paragraph 78, Defendants admit that courts have found a right of privacy protected by substantive due process, but deny that such protections entitle a transgender person to change the sex designation on his or her birth certificate.

    79.    Answering paragraph 79, Defendants admit that some transgender persons consider their transgender status to be personal information that they do not want to publicly disclose, but deny that they force any person to disclose such status.

    80.    Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore deny them.

    81.    Defendants deny the allegations in paragraph 81.

    82.    Defendants deny the allegations in paragraph 82.

    83.    Answering paragraph 83, Defendants admit that they are aware of no legitimate government interest in forcing a person's disclosure of transgender status, but deny that they force any person to disclose his or her transgender status.

    84.    Defendants admit the allegations in paragraph 84.

    85.    Defendants deny the allegations in paragraph 85.

    86.    Answering paragraph 86, Defendants incorporate their prior responses.

    87.    Defendants admit the allegations in paragraph 87.

88. Answering paragraph 88, Defendants admit that the First Amendment protects the right to speak and to refrain from speaking in certain circumstances, but deny that those circumstances are present in this case.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny that Plaintiffs are necessarily entitled to all the relief requested.

91. Defendants deny every allegation not specifically admitted above.

Dated this 28th day of July 2017.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:    /s/
W. SCOTT ZANZIG
Deputy Attorney General

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of July, 2017, I electronically filed the foregoing with th**e Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following** Persons:

Monica G. Cockerille
monicacockerille@me.com

Kara N. Ingelhart
kingelhart@lambdalegal.org

Peter C. Renn
Prenn@lambdalegal.org

*/s/*
W. SCOTT ZANZIG