LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief of Civil Litigation Division

W. SCOTT ZANZIG, ISB # 9361
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Fax:  (208) 854-8073
scott.zanzig@ag.idaho.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>RICHARD M. ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare and ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health the Idaho Department of Health and Welfare, and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics,<br><br>　　　　　　Defendants. | Case No. 1:17-cv-000170-CWD<br><br>**RESPONSE TO MOTION FOR SUMMARY JUDGMENT (Dkt. 28)** |

## INTRODUCTION

As Defendants acknowledged at the status conference on August 8, 2017, they conceded in their answer that no rational basis exists to overcome Plaintiffs' Equal Protection claim.  By

conceding liability on this claim, Defendants allowed this case to be resolved simply: without breaking any new constitutional ground, the Court can enter judgment for Plaintiffs on their Equal Protection claim under the deferential rational basis standard.

Surprisingly, Plaintiffs did not seek judgment on this simple basis alone.  Instead, they filed multiple declarations and asserted numerous unnecessary constitutional arguments in support of their summary judgment motion.  Apparently unsatisfied with a judgment deciding their Equal Protection claim on the undisputed ground that it fails rational basis review, Plaintiffs argue at length that the Court should apply various standards of heightened scrutiny to resolve their claim.  They also assert additional unnecessary constitutional claims for alleged violations of their substantive due process and First Amendment rights.

The Court need not and should not venture beyond the simple, undisputed ground that gives Plaintiffs all the relief they seek.  The Court should limit its decision to a determination that Defendants violated Plaintiffs' Equal Protection rights without any rational basis.

## BACKGROUND

Idaho Code § 39-250 provides that birth certificates can be amended "only in accordance with this chapter and rules promulgated by the board."  No statute or rule specifically permits amendment of the designated sex on a birth certificate.

Idaho Code § 39-250 requires that an amended certificate must be marked "amended," except as specifically provided by statute.  IDAPA 16.02.08.201.08.a provides that in case of an amendment, except where specifically provided otherwise by law, the item number of the entry that was amended must be identified, IDAPA 16.02.08.201.08.a.i; and the amendment must be made by drawing a line through the old information, without obliterating it, and inserting the

/ / /

new information in an adjacent space. IDAPA 16.02.08.201.08.a.iii. It also specifically requires the line-out procedure for name changes. IDAPA 16.02.08.201.08.a.iv.

Based on these statutory and administrative rule limitations, the Idaho Department of Health and Welfare's Bureau of Vital Records and Health Statistics refuses to process applications from transgender persons requesting that the "sex" designated on their birth certificate be changed. The Bureau has interpreted Idaho law to prohibit such changes. The Bureau also has interpreted Idaho law to require name changes to be reflected on amended certificates.

Plaintiffs, two transgender women, brought this action challenging Defendants' interpretation and enforcement of Idaho law. They alleged violations of their rights under the Equal Protection Clause, and alleged rights under the Due Process Clause and First Amendment. (Dkt. 19.)

In their answer to the complaint, Defendants conceded that no rational basis justifies treating transgender persons like Plaintiffs differently than other persons. (Dkt. 23, ¶ 5.) Defendants conceded that no rational basis justifies the practice of automatically rejecting transgender persons' applications to change the "sex" designation on their birth certificates in a confidential manner. (Dkt. 23, ¶¶ 43-44.) Defendants made this concession because Idaho law does permit some changes to be made to birth certificates, and in a confidential manner (i.e., without disclosing the change on the amended certificate). *See, e.g.,* Idaho Code §§ 39-250(2) (permitting confidential change to birth certificate upon receipt of a voluntary acknowledgment of paternity); 39-258(e) (prescribing process for confidential change to birth certificate upon receipt of a certified report of adoption). At the status conference on August 8, 2017, Defendants' counsel notified the Court about Defendants' concessions and acknowledged that

RESPONSE TO MOTION FOR SUMMARY JUDGMENT (Dkt. 28) - 3

Plaintiffs were entitled to judgment on their Equal Protection claim because Defendants admit they cannot satisfy the rational basis standard.

In support of their motion for summary judgment, Plaintiffs did not limit their argument to their Equal Protection claim on the undisputed ground that Idaho law and practice fails rational basis review. They also asked the Court to decide that heightened scrutiny should apply to their Equal Protection claim, and to consider other claims based on the Due Process Clause and First Amendment. (Dkt. 28-1, pp. 8-11, 14-20.) And they filed numerous declarations, including an expert declaration, in support of these additional arguments. (Dkts. 28-3, 28-4, 28-5, and 28-6.)

## ARGUMENT

"'[C]ourts should be extremely careful not to issue unnecessary constitutional rulings.'" *Hawaii v. Trump*, 859 F.3d 741, 761 (9th Cir.), *cert. granted, Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) (quoting *Am. Foreign Service Ass'n v. Garfinkel*, 490 U.S. 153, 161 (1989)). They should instead "dispose of cases on the narrowest possible ground." *New Jersey Payphone Ass'n, Inc. v. Town of West New York*, 299 F.3d 235, 249 (3d Cir. 2002) (Alito, J., concurring). *See also Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them"). The duty to avoid unnecessarily deciding constitutional claims also requires courts to refrain from deciding Equal Protection claims under heightened scrutiny when a challenged law or practice fails rational basis review. *E.g., Hooper v. Bernalillo Cnty. Assessor*, 472 U.S. 612, 618 (1985) ("if the statutory scheme cannot pass even the minimum rationality test, our inquiry ends"); *Zobel v. Williams*, 457 U.S. 55, 60 (1982) ("if the statutory scheme cannot pass even the minimal

[rational basis test], we need not decide whether any enhanced scrutiny is called for").

Plaintiffs offer no justification for the Court to violate these rules and reach to decide the numerous unnecessary constitutional claims they have asserted. There is no reason to up the ante to heightened scrutiny when, as Plaintiffs readily admit, Defendants' rational basis concessions entitle Plaintiffs to summary judgment. (Dkt. 28-1, p. 1.) That is particularly true because there is no Supreme Court or Ninth Circuit authority establishing that claims of transgender discrimination should be subject to heightened scrutiny. *Zobel* and *Hooper* make clear that the Court should decide the Equal Protection claim in Plaintiffs' favor on rational basis grounds, not under heightened scrutiny.

Once the Court determines that Plaintiffs have established their Equal Protection claim, there is no reason to address the Due Process and First Amendment claims. To do so would fly in the face of the Court's duty not to issue unnecessary constitutional rulings. Unnecessary rulings on these claims would be all the more troubling given that no Supreme Court or Ninth Circuit authority establishes Due Process or First Amendment rights for a transgender person to change a birth certificate.

Plaintiffs suggest that they are troubled by Defendants' mention that they might consider factors such as whether an applicant has taken appropriate clinical steps to permanently change gender when they process transgender persons' applications to amend birth certificates. Plaintiffs' professed concerns should not have any effect on the Court's decision in this case. Plaintiffs have not alleged, much less established, that the Constitution prevents a state from considering such factors in processing an application to amend a birth certificate. Moreover, the factors Defendants have mentioned are specifically included in the 2011 Model State Vital

/ / /

RESPONSE TO MOTION FOR SUMMARY JUDGMENT (Dkt. 28) - 5

/ / /

Statistics Act,[1] and are found in many states' laws.[2] And many states employ much more rigorous requirements, including gender reassignment surgery, before they will change the sex designation on a birth certificate.[3]

In any event, the factors Defendants may choose to employ in processing future applications to amend birth certificates are not before the Court in this case and not ripe for any adjudication. To the extent the Court issues any injunctive relief, it should be limited to the conduct at issue. It would be appropriate for the Court to order Defendants to cease automatically rejecting transgender persons' applications to amend their birth certificates. It would be beyond the scope of this case and inappropriate for the Court to prescribe the factors Defendants may consider in processing those applications.

---

[1] Section 24(a)(4) of the Model Act requires that a transgender person applying to change the sex designation on his or her birth certificate must provide a "certified copy of an order of a court of competent jurisdiction indicating that [the applicant] has undergone the necessary course of treatment to transition permanently from one sex to the other . . . ." Model State Vital Statistics Act and Model State Vital Statistics Regulations, 2011 Revision (copy attached for Court's convenience). The Department of Health and Human Services' Centers for Disease Control and Prevention, National Health Statistics, has not yet approved the 2011 revision. The 1992 version it most recently approved contains a more onerous standard: sex change by surgical procedure. *See* Model State Vital Statistics Act and Regulations, 1992 Revision, Section 21(d) (available at https://www.cdc.gov/nchs/data/misc/mvsact92b.pdf).

[2] Examples of states with laws requiring transgender persons to complete appropriate clinical treatment for gender reassignment or transition include Connecticut, Conn. Gen. Stat. § 19a-42(i); Delaware, 16 Del. Admin. Code § 4205-10.7.1.2.1; Iowa, Iowa Code § 144.23(3); Maryland, Md. Code, Health-Gen. § 4-211(b); Massachusetts, Mass. Gen. L. ch. 46, § 13(e)(1); and Vermont, 18 Vt. Stat. § 5112.

[3] States with statutory surgical requirements include Alabama, Ala. Code § 22-9A-19(d); Arizona, Ariz. Code § 36-337(A); Arkansas, Ark. Code § 20-18-307(d); Colorado, Colo. Rev. Stat. § 25-2-115(4); Georgia, Ga. Code § 31-10-23(e); Kentucky, Ky. Rev. Stat. § 213.121(5); Louisiana, La. Rev. Stat. § 40:62; Michigan, Mich. Comp. Laws § 333.2831(c); Missouri, Mo. Rev. Stat. § 193.215(9); Nebraska, Neb. Rev. Stat. § 71-604.01; New Jersey, N.J. Rev. Stat. § 26:8-40.12; New Mexico, N.M. Stat. § 24-14-25(D); North Carolina, N.C. Gen. Stat. § 130A-118(b)(4); and Wisconsin, Wis. Stat. § 69.15(4)(b).

RESPONSE TO MOTION FOR SUMMARY JUDGMENT (Dkt. 28) - 6

/ / /

## CONCLUSION

The Court need not and should not consider any of the arguments in support of Plaintiffs' summary judgment motion except for the argument that Plaintiffs are entitled to judgment on their Equal Protection claim because Defendants have conceded that there is no rational basis justifying treating Plaintiffs differently than other persons seeking amendment to their birth certificates. This is the narrowest, simplest ground on which the Court can completely resolve this case and grant Plaintiffs all the relief they have requested.

Dated this 20th day of October 2017.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: _____/s/_____
W. SCOTT ZANZIG
Deputy Attorney General

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of October, 2017, I electronically filed the foregoing with the **Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following** Persons:

Monica G. Cockerille
monicacockerille@me.com

Kara N. Ingelhart
kingelhart@lambdalegal.org

Peter C. Renn
Prenn@lambdalegal.org

RESPONSE TO MOTION FOR SUMMARY JUDGMENT (Dkt. 28) - 7

                                                       */s/*
                                                    W. SCOTT ZANZIG