Peter C. Renn (Admitted *Pro Hac Vice*)
prenn@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
Telephone:    (213) 382-7600
Facsimile:    (213) 351-6050

Kara N. Ingelhart (Admitted *Pro Hac Vice*)
kingelhart@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
105 W. Adams St., 26th Fl.
Chicago, IL 60603
Telephone:    (312) 663-4413
Facsimile:    (312) 663-4307

Monica G. Cockerille (ISB No. 5532)
monicacockerille@me.com
Cockerille Law Office, PLLC
2291 N. 31st St.
Boise, ID 83703
Telephone:    (208) 343-7676
Facsimile:    (866) 226-2499

Attorneys for Plaintiffs F.V. and Dani Martin

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>RUSSELL BARRON, in his official capacity as Director of the Idaho Department of Health and Welfare; ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health for the Idaho Department of Health and Welfare; and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics,<br><br>　　　　　*Defendants*. | No. 1:17-cv-00170-CWD<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs F.V. and Dani Martin, by and through their undersigned counsel, respectfully submit this notice to notify the Court of four recent supplemental authorities.  *See Stone v. Trump*, No. CV MJG-17-2459, 2017 WL 5589122 (D. Md. Nov. 21, 2017) (granting preliminary injunction against federal policy excluding transgender people from military service); *Karnoski v. Trump*, No. 2:17-cv-01297-MJP (W.D. Wash. Dec. 11, 2017) (same) (*available at* https://www.lambdalegal.org/sites/default/files/legal-docs/downloads/karnoski_pi_order.pdf); *Stockman v. Trump*, No. EDCV 17-1799 JGB (KKx) (C.D. Cal. Dec. 22, 2017) (same) (*available at* http://www.nclrights.org/wp-content/uploads/2017/08/CA-Order-Trans-Ban.pdf); *A.H. v. Minersville Area School District*, No. 3:17-CV-391, 2017 WL 5632662 (M.D. Pa. Nov. 22, 2017) (denying motion to dismiss equal protection and statutory claims brought by a transgender girl excluded from girl's facilities at school).

First, all of these cases held that government discrimination against transgender people is subject to heightened scrutiny, and a number reached that conclusion even while also holding that the government action at issue failed rational basis review.  In *Stone*, the district court applied heightened scrutiny to a federal policy discriminating against transgender people in military service, because "transgender individuals appear to satisfy the criteria of at least a quasi-suspect classification, and the [challenged policy is] a form of discrimination on the basis of gender."  2017 WL 5589122, at *15.  The court also found that the challenged policy was unlikely to satisfy even a rational basis analysis.  *Id.*

Similarly, in *Karnoski*, the court agreed that "the policy distinguishes on the basis of transgender status, a quasi-suspect classification, and is therefore subject to intermediate scrutiny."  Order at 15-16 (citing *Ball v. Massanari*, 253 F.3d 817, 823 (9th Cir. 2001) (noting that gender is a quasi-suspect classification) and *Schwenk v. Hartford*, 204 F.3d 1187, 1201-02

1

(9th Cir. 2000) (noting that discrimination based on a person's failure "to conform to socially-constructed gender expectations" is a form of gender discrimination)). The court further held that "the policy is unlikely to survive rational basis review." *Id.* at 18 n.8.

Likewise, in *Stockman*, the district court held that the challenged military policy was subject to heightened scrutiny. The court was persuaded by the Ninth Circuit's "strong[] suggest[ion]" that "discrimination on the basis of one's transgender status is equivalent to sex-based discrimination," Order at 19 (citing *Schwenk*, 204 F.3d at 1201-02), and by several district courts within the Ninth Circuit that have "plainly held discrimination on the basis of one's transgender status is subject to intermediate scrutiny," *id.*

In *A.H.*, a transgender girl challenged a school district policy mandating that students use the restroom corresponding to the sex listed on their birth certificates and thereby excluding her from using the girl's restroom. The court recognized that "the first step in evaluating a claim that a law or government action violates the Equal Protection Clause is to determine the appropriate standard of review." *A.H.*, 2017 WL 5632662, at *7 (internal quotation marks omitted). It then held that heightened scrutiny was required, both because discrimination based on transgender status independently requires heightened scrutiny, and because such discrimination is inherently based on sex. *Id.* (citing *Evancho v. Pine-Richland Sch. Dist.*, 237 F. Supp. 3d 267, 288 (W.D. Pa. 2017) and *Whitaker v. Kenosha Unified Sch. Dist.*, 858 F.3d 1034, 1051 (7th Cir. 2017)).

In the case at hand, Plaintiffs have similarly explained that discrimination against transgender people, including a refusal to treat a transgender person like others of the same sex, requires heightened scrutiny, both because it inherently discriminates based on gender and because it employs a suspect classification. *See, e.g.*, Dkt. No. 28-1 at 8-11. The supplemental authorities presented here are part of a growing body of case law confirming that proposition.

2

Second, the court in *Karnoski* also held that the challenged military policy likely violated plaintiffs' substantive due process rights. The court recognized that "[s]ubstantive due process protects fundamental liberty interests in individual dignity, autonomy, and privacy from unwarranted government intrusion," and that "[t]hese fundamental interests include the right to make decisions concerning bodily integrity and self-definition central to an individual's identity." Order at 18 (citing *Obergefell v. Hodges*, 135 S. Ct. 2584, 2584 (2015)). The policy "directly interfere[d] with Plaintiffs' ability to define and express their gender identity." *Id.* at 19. Here, as well, the challenged policy directly interferes with Plaintiffs' right to live in a manner consistent with their gender identity.

Third, and finally, the court in *Karnoski* recognized that the First Amendment protects the right to express one's gender identity. Order at 19 (holding that the government impermissibly burdened plaintiffs' First Amendment rights by subjecting openly transgender service members to discharge). As Plaintiffs have explained, the birth certificate policy challenged here compels unwanted speech and, in doing so, also frustrates their ability to express their gender. Dkt. No. 28-1 at 19-20.

DATED: January 3, 2017        By:    /s/ Monica G. Cockerille

Monica G. Cockerille (ISB No. 5532)
monicacockerille@me.com
Cockerille Law Office, PLLC
2291 N. 31st St.
Boise, ID 83703
Telephone:    (208) 343-7676
Facsimile:    (866) 226-2499

Peter C. Renn*
prenn@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010

Telephone: (213) 382-7600
Facsimile: (213) 351-6050

Kara Ingelhart*
kingelhart@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
105 W. Adams St., 26th Fl.
Chicago, IL 60603
Telephone: (312) 663-4413
Facsimile: (312) 663-4307

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 3rd day of January, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Russell Barron
Office of the Director
Idaho Department of Health and Welfare
10th Floor, Pete T. Cenarrusa Building
450 W. State Street
Boise, ID 83720-0036

Elke Shaw-Tulloch
Administrator, Division of Public Health
Idaho Department of Health and Welfare
4th Floor, Pete T. Cenarrusa Building
450 W. State Street
Boise, ID 83720-0036

James Aydelotte
Chief and State Registrar
Bureau of Vital Records and Health Statistics
1st Floor, Pete T. Cenarrusa Building
450 West State Street
Boise, ID 83720-0036

                                              /s/ Monica G. Cockerille
                                              Monica G. Cockerille
                                              Attorney for Plaintiffs