LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief of Civil Litigation Division

W. SCOTT ZANZIG, ISB # 9361
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Fax:  (208) 854-8073
scott.zanzig@ag.idaho.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN,<br><br>                Plaintiffs,<br><br>vs.<br><br>RUSSELL BARRON, in his official capacity as Director of the Idaho Department of Health and Welfare and ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health the Idaho Department of Health and Welfare, and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics,<br><br>                Defendants. | Case No. 1:17-cv-000170-CWD<br><br>**SUPPLEMENTAL AUTHORITY** |

     Pursuant to the Court's request at the hearing on February 1, 2018, Defendants provide this supplemental authority regarding Idaho law's paternity affidavit process.

     Idaho Code § 7-1106 allows the biological father of a child to establish paternity through an affidavit of paternity.  Regulations require that the affidavit be signed by both the biological

father and the birth mother.  IDAPA  16.02.08.201.05.a.  If the child's existing birth certificate does not list a father, the father's name established by the affidavit will be reflected on a new birth certificate.  If the existing certificate already reflects a different father's name, a new certificate requires a court order to change the father's name (an order determining paternity or confirming an adoption), *id*. 16.02.08.201.05.b., unless the listed father is the birth mother's husband and files an affidavit of nonpaternity.  *See* Idaho Code § 39-250(3).  In any case, the new certificate is not marked as amended and does not reflect the change.  *See* Idaho Code § 39-250(2), (3);  IDAPA 16.02.08.201.05.c.

The voluntary acknowledgment of paternity process provided in section 7-1106 is required by federal law.  *See* 42 U.S.C. § 666(a)(5)(C)(iv) (requiring each State "to develop and use an affidavit for the voluntary acknowledgment of paternity"); *id.* § 666(a)(5)(C)(ii) (requiring hospital-based procedures for "the voluntary acknowledgment of paternity focusing on the period immediately before or after the birth of a child").  The purpose of this procedure is to help determine the identity of the child's biological parents to facilitate enforcement of child and spousal support obligations.  *See generally* 42 U.S.C. § 651-669b.

Defendants' research has not revealed any connection between the general federal requirement for a paternity affidavit process and the specific provisions in Idaho law that govern birth certificate changes resulting from that process.  Federal law does not appear to dictate how Idaho or any other state handles those birth certificate changes.

Dated this 6th day of February, 2018.

                              STATE OF IDAHO
                              OFFICE OF THE ATTORNEY GENERAL


By:        /s/                      
      W. SCOTT ZANZIG
      Deputy Attorney General

SUPPLEMENTAL AUTHORITY - 2

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 6th day of February, 2018, I electronically filed the foregoing with th**e Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following** Persons:

Monica G. Cockerille
monicacockerille@me.com

Kara N. Ingelhart
kingelhart@lambdalegal.org

Peter C. Renn
Prenn@lambdalegal.org

                                                   /s/
                                            W. SCOTT ZANZIG