UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN,<br><br>     Plaintiffs,<br><br>  v.<br><br>RUSSELL BARRON, in his official capacity as Director of the Idaho Department of Health and Welfare; ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health for the Idaho Department of Health and Welfare; and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics,<br><br>     Defendants. | Case No. 1:17-CV-00170-CWD<br><br>**JUDGMENT** |

In accordance with the Court's Memorandum Decision and Order (Dkt. 28), and Plaintiffs' and Defendants' Notice and Stipulation Regarding Judgment and Time for Bill of Costs and Motion for Attorneys' Fees (Dkt. 42), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

  (1)  Judgment is entered in favor of Plaintiffs;

  (2)  The policy of automatically rejecting applications from transgender people to

**JUDGMENT - 1**

change the sex listed on their birth certificates violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(3)   Defendants and their officers, employees, and agents are permanently enjoined from practicing or enforcing the policy of automatically rejecting applications from transgender people to change the sex listed on their birth certificates;

(4)   Such applications must be reviewed and considered through a constitutionally-sound approval process; upon approval, any reissued birth certificate must not include record of amendment to the listed sex; and where a concurrent application for a name change is submitted by a transgender individual, any reissued birth certificate must not include record of the name change;

(5)   On March 20, 2018, the Board of Health and Welfare convened a special session where it considered and approved revisions to IDAPA 16.02.08.201 through a temporary and proposed rule ("Rule"), Dkt. 42-1.  The Rule requires the Registrar to issue an amended birth certificate upon submission of, inter alia, "[a] declaration that the registrant's indicator of sex on the Idaho certificate of live birth does not match the registrant's gender identity."  The Rule went into effect on April 6, 2018, and Defendants have implemented it through a form and instructions, Dkt. 42-2;

(6)   The Rule complies with the Court's holding that "there is no rational basis for denying transgender individuals birth certificates that reflect their gender identity" and with the Court's instruction that any rule remedying the constitutional violation found must "withstand heightened scrutiny review" and must avoid imposing burdens lacking constitutionally-appropriate justification, Dkt. 39 at 18, 25; and

(7)   Any bill of costs or motion for attorneys' fees shall be filed by no later than 45

**JUDGMENT - 2**

days after entry of this judgment; and

    (8)    The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: April 20, 2018

_Candy W. Dale_
Candy W. Dale
U.S. Magistrate Judge

**JUDGMENT - 3**