Monica G. Cockerille (ISB No. 5532)
monica@cockerillelaw.com
Cockerille Law Office, PLLC
100 W. Main St., Ste. 204
Boise, ID 83702
Tel: (208) 343-7676 | Fax: (866) 226-2499

Peter C. Renn (Admitted *Pro Hac Vice*)
prenn@lambdalegal.org
Nora Huppert (Admitted *Pro Hac Vice*)
nhuppert@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
Tel: (213) 382-7600 | Fax: (213) 351-6050

Kara N. Ingelhart (Admitted *Pro Hac Vice*)
kingelhart@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
65 E. Wacker Pl., Suite 2000
Chicago, IL 60601
Tel: (312) 663-4413 | Fax: (312) 663-4307

D. Jean Veta (*Pro Hac Vice* Pending)
jveta@cov.com
Henry Liu (*Pro Hac Vice* Pending)
hliu@cov.com
William Isasi (*Pro Hac Vice* Pending)
wisasi@cov.com
Isaac Belfer (*Pro Hac Vice* Pending)
ibelfer@cov.com
Colleen R. Smith (ISB No. 10023)
csmith@cov.com
Covington & Burling LLP
One City Center
850 10th St NW
Washington, DC 20001
Tel: (202) 662-5294

Michael Lanosa (*Pro Hac Vice* Pending)
mlanosa@cov.com
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel: (424) 332-4780

Attorneys for Plaintiffs F.V. and Dani Martin

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID JEPPESEN, in his official capacity as Director of the Idaho Department of Health and Welfare; ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health for the Idaho Department of Health and Welfare; and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics,<br><br>*Defendants*. | No. 1:17-cv-00170-CWD<br><br>**DECLARATION OF PETER RENN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING DEFENDANTS' ENFORCEMENT PLAN** |

## DECLARATION OF PETER RENN

I, Peter Renn, declare as follows:

1.	I am an attorney for Plaintiffs in the above-captioned matter. I have actual knowledge of the matters stated in this declaration.

2.	Attached as Exhibit A is a true and correct copy of an email that I sent to Mr. Steven Olsen, counsel for Defendants, on June 11, 2020.

3.	Attached as Exhibit B is a true and correct copy of a letter confirming my June 16, 2020 conversation with Mr. Olsen, which I sent to Mr. Olsen on June 17, 2020.

4.	Attached as Exhibit C is a true and correct copy of a letter that I received from Mr. Olsen on June 18, 2020.

5.	Attached as Exhibit D is a true and correct copy of an email chain involving myself, Mr. Olsen, and Ms. Lauri Thompson.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: June 22, 2020			/s/ Peter Renn
					Peter Renn

# Exhibit A

**Peter Renn**
___

| | |
|---|---|
| **From:** | Peter Renn |
| **Sent:** | Thursday, June 11, 2020 6:03 PM |
| **To:** | Olsen, Steven; Reed, Dayton |
| **Cc:** | Kara Ingelhart; Nora Huppert; Monica Cockerille |
| **Subject:** | Next steps following court's order |
| **Attachments:** | GenderChangePacket_4-18.pdf |

Steve and Dayton,

I write to seek further information about what actions Defendants plan to take in light of Judge Dale's June 1st order.

As you know, the court held that "HB 509 does not absolve IDHW from accepting, considering, and processing applications from individuals … seeking to change the sex listed on their birth certificate to match their gender identity."  Order at 12.  It also confirmed that IDHW was permanently enjoined from "automatically rejecting applications to change the sex listed on their birth certificates to match their gender identity," and that this injunction "applies now and on July 1, 2020."  *Id.* at 15.

As the effective date of HB 509, July 1st, is quickly approaching, I wanted to confirm the following issues:

1. Will IDHW continue to "accept[], consider[], and process[] applications from individuals … seeking to change the sex listed on their birth certificate to match their gender identity" on July 1, 2020?

2. Can individuals continue to use the attached IDHW application (also found at https://healthandwelfare.idaho.gov/Portals/0/Health/Vital%20Records/GenderChangePacket_4-18.pdf) to correct the sex listed on their birth certificate to match their gender identity on July 1, 2020?

We would appreciate your confirmation as soon as possible.

Regards,
Peter

Peter Renn
Counsel
Lambda Legal
Western Regional Office
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA  90010-3512
Tel 213-382-7600 ext. 228
Fax 213-351-6050
prenn@lambdalegal.org
www.lambdalegal.org
pronouns: he/him/his

Admitted to practice in California

To become a member or make a donation, visit http://www.lambdalegal.org/join

**Lambda Legal: Making the case for equality**

CONFIDENTIALITY NOTICE: This email transmission from Lambda Legal Defense and Education Fund, Inc. and any documents, files or previous email messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify us by reply email or by telephone at  (213) 382-7600, ext. 228, and destroy the original transmission and its attachments without reading or saving it in any manner.  Thank you.

# Exhibit B



June 17, 2020

Steven L. Olsen
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
Boise, ID 83720-0010

*Via Email* (steven.olsen@ag.idaho.gov)

      Re:    Defendants' Enforcement of HB 509

Dear Mr. Olsen:

      Thank you for taking the time to speak with me yesterday.  As you know, following Judge Dale's decision, I asked Defendants to confirm the following issues:

1. Will IDHW continue to "accept[], consider[], and process[] applications from individuals … seeking to change the sex listed on their birth certificate to match their gender identity" on July 1, 2020?

2. Can individuals continue to use the attached IDHW application (also found at https://healthandwelfare.idaho.gov/Portals/0/Health/Vital%20Records/GenderChangePacket_4-18.pdf) to correct the sex listed on their birth certificate to match their gender identity on July 1, 2020?

      I appreciate your willingness to discuss these types of issues, and I hope that continues in the future, as I believe that is to our mutual benefit.  I write to confirm what we discussed and to discuss next steps.

      During our conversation, you indicated that Defendants plan to enforce HB 509 on July 1st as written.  Specifically, you indicated that, beginning July 1st, transgender individuals cannot change the sex listed on their birth certificate to match their gender identity unless they obtain a court order pursuant to Section 39-245A(4) of HB 509 and present such an order to Defendants.  As you know, Section 39-245A(4) allows an individual to change the sex listed on their birth certificate "only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the party challenging the acknowledgment."  But HB 509 defines "sex" as "the immutable biological and physiological characteristics, specifically the chromosomes and internal and external reproductive anatomy, genetically determined at conception and generally recognizable at birth, that define an individual as male or female."

June 17, 2020
Page 2

    Under the plain language of HB 509, transgender individuals cannot obtain a state court order to change the sex listed on their birth certificate in order to match their gender identity. You did not offer any explanation for how transgender people may successfully obtain a court order "seeking to change the sex listed on their birth certificate to match their gender identity," as required by Judge Dale's order and injunction.  *See* Order at 12 ("HB 509 does not absolve IDHW from accepting, considering, and processing applications from individuals … seeking to change the sex listed on their birth certificate to match their gender identity.").  To the contrary, there is no question that Defendants' plan would eliminate the substantive authority that IDHW currently exercises to approve birth certificate changes sought to match an individual's gender identity, even though the mandatory and prohibitory obligations of the injunction run to Defendants as IDHW officials.  Defendants' plan therefore violates both the letter and spirit of the Court's permanent injunction.

    You also indicated that Defendants anticipate enforcing HB 509 without seeking further clarification from the Court regarding whether their proposed plan would violate the injunction. As I noted during our conversation, Judge Dale expressly instructed that "when questions arise as to the interpretation or application of an injunction order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt."  Order at 5.  She further cautioned Defendants against "experimentation with disobedience of the law."  Order at 12.  I therefore urged, at a minimum, that Defendants not enforce their proposed plan unless and until the Court holds that it does not violate the injunction.  Otherwise, Defendants will be in violation of the injunction, and Mr. Jeppesen, Ms. Shaw-Tulloch, and Mr. Aydelotte can be held in contempt of court, particularly given that Judge Dale has now given them ample additional notice in her most recent order.

    Plaintiffs request that Defendants confirm in writing by 5:30 MDT on Friday, June 19th, that they will not implement and enforce HB 509 as described above.  Absent confirmation, Plaintiffs will seek further relief from the Court.  To be clear, our hope is that Defendants will reconsider their plan, and avoid the burdens that this expedited round of litigation would impose on the Court and the parties.

    If you would like to discuss further, please do not hesitate to reach out to me.

                                               Sincerely,

                                               Peter Renn
                                               Counsel for Plaintiffs

cc:     Dayton Reed
        Kara Ingelhart
        Nora Huppert
        Monica Cockerille

# Exhibit C



**STATE OF IDAHO**

OFFICE OF THE ATTORNEY GENERAL

LAWRENCE G. WASDEN

June 18, 2020

*Sent Via Email*

Peter Renn
Lambda Legal
4221 Wilshire Blvd., Suite 280
Los Angeles, CA  90010-1729
prenn@lambdalegal.com

Re:  Letter dated June 17, 2020

Dear Peter,

I am little surprised by your letter.  On Tuesday, we had a wide-ranging conversation regarding HB 509 and the Court's injunction.  I indicated that I anticipated my clients would continue to accept applications from those who sought to change their sex on their birth certificates.  I also indicated that, as we both recognized, HB 509 required that a court order be entered for a person to change their sex.  I also indicated that our conversation was likely premature because my clients were still deciding their precise course of action in this case but I felt, out of professional courtesy, I should let you know where my clients were at as they were deciding their next steps.

My recollection as to where we left this matter is different from yours.  At the conclusion of our conversation, I indicated that I would consult with my clients concerning the course of action they would take given the Court's decision and given our conversation.  I thought it was clear that my clients would evaluate various options as they moved forward.  I told you that out of professional courtesy I would let you know after my clients had decided what course of action to take.  However, because they are still evaluating options, that will not be by the date you have requested in your letter.

Regards,

*Steven L. Olsen*
Deputy Attorney General

SO:em

# Exhibit D

**Peter Renn**

| | |
|---|---|
| **From:** | L Thompson <Lauri_Thompson@id.uscourts.gov> |
| **Sent:** | Friday, June 19, 2020 3:10 PM |
| **To:** | Olsen, Steven |
| **Cc:** | Peter Renn; Monica Cockerille; Kara Ingelhart; Nora Huppert; Reed, Dayton |
| **Subject:** | RE: Request for status conference in F.V. v. Jeppesen (1:17-cv-00170-CWD) |

Counsel,
The Court has received and reviewed your emails regarding Plaintiffs' request for a status conference. The Court is amenable to holding a status conference in this matter if a proper showing is made in a motion filed in the record. To that end, the Court suggests that Plaintiffs file a motion setting forth their request and the basis for the request by June 22, 2020 and that Defendants respond by June 25, 2020. In particular, Plaintiffs should address the issue of ripeness with regard to the relief requested; namely, a determination regarding whether Defendants' anticipated implementation of HB 509 violates the injunction.

Please feel free to contact me with any questions or if I can be of any assistance.

Thank you.
Lauri



**Lauri Thompson**
**Law Clerk to Hon. Candy W. Dale**
**U.S. Courts, District of Idaho**
Lauri_Thompson@id.uscourts.gov
**(208) 334-9206**

---

**From:** Olsen, Steven <steven.olsen@ag.idaho.gov>
**Sent:** Friday, June 19, 2020 10:51 AM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Cc:** 'Peter Renn' <PRenn@lambdalegal.org>; Monica Cockerille <monica@cockerillelaw.com>; Kara Ingelhart <Kingelhart@lambdalegal.org>; Nora Huppert <nhuppert@lambdalegal.org>; Reed, Dayton <Dayton.Reed@ag.idaho.gov>
**Subject:** Request for status conference in F.V. v. Jeppesen (1:17-cv-00170-CWD)

Ms. Thompson,

The Defendants are being responsible and evaluating how they incorporate HB 509 into their current procedure.  No final decision has been made, but Defendants will do their best to abide by the Court's order and their obligation to follow the law in Idaho statutes.  At present, the one distinction we see between existing rule and the new statute is a requirement that a court order accompany an application to change a birth certificate.  Defendants are familiar with this requirement, because it is required by statute and rule for other changes (e.g., name change, adoption) [Idaho Code section 39-250(4) and Idaho Code section 39-258].  Requiring a court order for a change certainly is not unconstitutional, and nothing in the Court's order suggests otherwise.  We dispute Plaintiffs' one-sided interpretation of the statute, and its effect under Idaho law, especially because they have no plaintiff who has tested and been harmed in any way by the statute.

1

If the Court elects to hold a status conference to discuss this further, we are available on June 30 at the time identified by Mr. Renn.

**Steven L. Olsen**
Division Chief, Civil Litigation
Office of the Attorney General
P.O. Box 83720
Boise, Idaho  83720-0010
(208) 334-4148
Fax (208) 854-8073

---

**From:** Peter Renn [mailto:PRenn@lambdalegal.org]
**Sent:** Thursday, June 18, 2020 7:50 PM
**To:** Lauri_Thompson@id.uscourts.gov
**Cc:** Olsen, Steven <steven.olsen@ag.idaho.gov>; Reed, Dayton <Dayton.Reed@ag.idaho.gov>; Monica Cockerille <monica@cockerillelaw.com>; Kara Ingelhart <Kingelhart@lambdalegal.org>; Nora Huppert <nhuppert@lambdalegal.org>
**Subject:** Request for status conference in F.V. v. Jeppesen (1:17-cv-00170-CWD)

Dear Ms. Thompson,

Plaintiffs write to request a status conference in F.V. v. Jeppesen in light of recent developments after the Court's June 1, 2020 Order.

Notwithstanding the Court's Order, Defendants informed Plaintiffs on June 16th that they anticipated that they would enforce HB 509 beginning July 1st.  Specifically, Defendants stated that they will only change the sex listed on an individual's birth certificate if that individual obtains a court order.  Given the plain language of HB 509, however, transgender individuals cannot obtain a court order to change the sex listed on their birth certificates in order to match their gender identity.

Plaintiffs informed Defendants that enforcement of their plan would violate both the letter and spirit of this Court's permanent injunction.  Plaintiffs also asked Defendants to confirm, at a minimum, that they would not enforce their plan unless and until this Court held that their plan did not violate the injunction, given this Court's instruction that, when questions arise as to the interpretation of the injunction, "a party should seek clarification or modification … rather than risk disobedience or contempt."  Dkt. 58 at 5.  To date, Defendants have refused to provide the confirmation requested.  Instead, Defendants stated on June 18th that they were still evaluating their options and had not decided upon a "precise" course of action.

In light of the disagreement between the parties, and the time-sensitive nature of the dispute, Plaintiffs respectfully request that the Court hold a status conference before July 1, 2020, during which it may provide the parties with any further guidance or relief that it deems appropriate.  Plaintiffs also respectfully request that the Court order Defendants to file a status report by the close of business two business days before the conference, which must disclose in detail any intended enforcement of HB 509, and Plaintiffs to file a responsive status report one business day before the conference.

Plaintiffs respectfully submit that a status conference may be most efficient if scheduled for June 26th, 29th, or 30th, given that it is reasonable to require Defendants to disclose, by the preceding week, any plan to enforce HB 509 on July 1st.  Depending on the Court's willingness and available times to conduct a status conference, Plaintiffs are happy to confer with Defendants regarding what times work for all counsel.  Plaintiffs are

available any time on June 26th, any time after 11 a.m. MDT on June 29th, and any time before 2 p.m. MDT on June 30th.

Regards,
Peter Renn

Peter Renn
Counsel
Lambda Legal
Western Regional Office
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA  90010-3512
Tel 213-382-7600 ext. 228
Fax 213-351-6050
prenn@lambdalegal.org
www.lambdalegal.org
pronouns: he/him/his

Admitted to practice in California

To become a member or make a donation, visit http://www.lambdalegal.org/join

**Lambda Legal: Making the case for equality**

CONFIDENTIALITY NOTICE: This email transmission from Lambda Legal Defense and Education Fund, Inc. and any documents, files or previous email messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify us by reply email or by telephone at  (213) 382-7600, ext. 228, and destroy the original transmission and its attachments without reading or saving it in any manner.  Thank you.