Monica G. Cockerille (ISB No. 5532)
monica@cockerillelaw.com
Cockerille Law Office, PLLC
100 W. Main St., Ste. 204
Boise, ID 83702
Tel: (208) 343-7676 | Fax: (866) 226-2499

Peter C. Renn (Admitted *Pro Hac Vice*)
prenn@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
Tel: (213) 382-7600 | Fax: (213) 351-6050

Kara N. Ingelhart (Admitted *Pro Hac Vice*)
kingelhart@lambdalegal.org
Nora Huppert[†] (Admitted *Pro Hac Vice*)
nhuppert@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
65 E. Wacker Pl., Suite 2000
Chicago, IL 60601
Tel: (312) 663-4413 | Fax: (312) 663-4307
[†]*Admitted in CA, Pending Admission in IL*

Attorneys for Plaintiffs F.V. and Dani Martin

Colleen R. Smith (ISB No. 10023)
crsmith@hawleytroxell.com
Hawley Troxell Ennis & Hawley LLP
877 Main Street - Suite 1000
Boise, ID 83701
Tel: (208) 388-4873 | Fax: (208) 954-5278

D. Jean Veta (Admitted *Pro Hac Vice*)
jveta@cov.com
Henry Liu (Admitted *Pro Hac Vice*)
hliu@cov.com
William Isasi (Admitted *Pro Hac Vice*)
wisasi@cov.com
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001
Tel: (202) 662-5294

Michael Lanosa (Admitted *Pro Hac Vice*)
mlanosa@cov.com
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel: (424) 332-4780

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN, <br><br> *Plaintiffs*, <br><br> vs. <br><br> DAVID JEPPESEN, in his official capacity as Director of the Idaho Department of Health and Welfare; ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health for the Idaho Department of Health and Welfare; and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics, <br><br> *Defendants*. | No. 1:17-cv-00170-CWD <br><br> **DECLARATION OF THOMAS J. LLOYD III IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |

## DECLARATION OF THOMAS J. LLOYD III

I, Thomas J. Lloyd III, declare as follows:

1.       I am more than eighteen (18) years of age, I have personal knowledge of the facts set forth herein, and I am otherwise competent to testify to the matters set forth herein.

2.       I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees.  I have been asked by Plaintiffs' counsel to opine on the reasonableness of the hourly rates of certain attorneys representing Plaintiffs.

### Qualifications

3.       I am a shareholder of the law firm Elam & Burke, P.A., where I have practiced since 2018.  I have been in the practice of law since 2007 and have practiced in Boise, and as a member of the Idaho State Bar, my entire career.  Prior to moving to Boise, I worked in the Washington, D.C., where I attended law school.  Currently, my practice is focused primarily on complex litigation in practice areas including business law, contracts, banking, administrative law, employment law, products liability, real estate, eminent domain, and commercial paper.

4.       My firm is considered to be among the most respected law firms in the Boise legal community.  Established in 1928, Elam & Burke has served the Boise community for almost a century, making it one of the oldest and most highly regarded firms in Idaho.

5.       I have been honored with numerous awards during my legal career, including being selected as an Idaho "Accomplished Under 40" recipient by the Idaho Business Review, a "Top 40 Under 40" designation by the National Trial Lawyers, and a Mountain States Super Lawyers "Rising Star" for my work in business litigation.

6.       Although my practice includes appearances in both state and federal courts, I primarily appear before the U.S. District Court for the District of Idaho.  I have tried several cases through trial in my career, all before the District of Idaho, both as lead counsel and as local

1

counsel for out-of-state counsel.  As part of my practice, I have submitted numerous fee petitions to the District of Idaho, both on behalf of myself and on behalf of other counsel, including out-of-state counsel.

7.     In addition to my practice in the Boise market, I have also been admitted *pro hac vice* before the U.S. District Court for the Eastern District of Washington, the U.S. District Court for the Western District of Washington, the U.S. District Court for the Central District of California, and in state court in the states of Oregon and Wisconsin. Additionally, as it does not have a *pro hac vice* appearance, I have been admitted to practice before the U.S. District Court for the Eastern District of Michigan.

## Reasonableness of Rates Sought

8.     I am personally familiar with rates in the Boise area.  I base my opinion in this declaration on relevant case law granting fees in similar cases, my familiarity with my own rates, the rates of other attorneys at my firm, the rates of other attorneys in the Boise area, and my knowledge of the attorneys seeking fees in this case.

9.     I have reviewed the rates requested for Monica Cockerille of Cockerille Law Office, PLLC, Michael Lanosa of Covington & Burling LLP ("Covington"), a former Covington attorney, Isaac Belfer, who I understand worked on this matter while at Covington, and Colleen Smith, a former Covington attorney who now works at the offices of Hawley Troxell Ennis & Hawley LLP.  I understand that Plaintiffs are seeking fees for legal work they undertook to clarify and enforce court rulings that were obtained in 2018, which allowed transgender people to access birth certificates matching their gender identity, after the State of Idaho enacted legislation in 2020 in direct conflict with those rulings.  I understand that Plaintiffs' attorneys performed their work on a *pro bono* basis, essentially working on the contingency that no fees or costs would be recovered unless the Court permitted such recovery.

2

10.     I further understand that Mr. Lanosa is, and was at all relevant times, based in Los Angeles California; that Mr, Belfer and Ms. Smith were based in Washington D.C. when they worked on this matter while at Covington; and that the hourly rates for attorneys in Washington D.C. and Los Angeles are substantially higher than the hourly rates for attorneys in the Boise market.  I also understand that, notwithstanding the foregoing, Covington has agreed, in the interest of compromise, to seek Boise rates for their work in this case.

11.     My opinions regarding the reasonableness of the rates sought by the attorneys in this case are first supported by the rates awarded by this Court to similar attorneys doing similar work.  The cases most relevant to whether the rates sought are reasonable are those involving "controversial and cutting-edge constitutional issue[s]," as in this case.  *Garrison v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 99, 107 (2016) (opining on rates in Twin Falls, Idaho).  Such cases "are unique in terms of their profile and potentially broad reaching impact," and justify employing lawyers of "superior skill or experience," that charge a "higher hourly rate" because they have a "more sophisticated understanding or development of issues."  *Id.* (citation omitted).

12.     An example is *Latta v. Otter*, No. 1:13-CV-00482-CWD, 2014 WL 7245631, at *1 (D. Idaho Dec. 19, 2014) (Dale, J.), a case seeking legal fees for work completed in 2013 and 2014 successfully challenging the constitutionality of "Idaho laws that defined marriage as the legal union between a man and a woman and prohibited the recognition of out-of-state marriages between two persons of the same sex."  This Court found a $400 hourly rate reasonable for both a Boise-based attorney with 28 years of civil litigation experience and a San Francisco-based attorney that had "two decades of impressive accomplishments in a contentious area of civil rights litigation."  *Id.* at *3-*4.  While this Court noted this rate was at the higher end of Boise

rates for professionals with similar experience, it was justified based on "the complexity of the case, its undesirability relative to more typical legal work, the delay in payment, and rates allowed in similar cases." *Id.* at *4. The Court also explained that the "specialized experience" the San Francisco-based attorney had gained litigating lesbian, gay, bisexual and transgender ("LGBT") rights cases justified awarding the attorney the same hourly rate as an attorney with seven more years of legal experience. *Id.* For the other attorneys that assisted on the case, this Court found $325/hour to be a reasonable hourly rate for practitioners with 17 and 19 years of legal experience, $275/hour to be a reasonable hourly rate for a practitioner with 13 years of experience, and $175/hour to be a reasonable hourly rate for a practitioner with five years of legal experience. *Id.*

13.     Similarly, in *Cmty. House, Inc. v. City of Boise*, No. 1:05-CV-00283-CWD, 2014 WL 1247758, at *4 (D. Idaho Mar. 25, 2014), a complex case involving claims under the Fair Housing Act and the Idaho and United States Constitutions, this Court found $400/hour was a reasonable rate for lead counsel, for work after 2009, who had over three decades of federal civil rights litigation experience. This Court also found, after adjusting for each attorney's relevant experience and educational background, that $200/hour was reasonable for a practitioner with five years of experience, $275/hour was reasonable for a practitioner with 14 years of experience, and $325/hour was reasonable for a practitioner with 17 years of experience. *Id.* at *5-*7. This Court explained that these rates were justified based on "the complexity, length, and breadth of th[e] case," "the contingent nature of the case," the fact that "no other attorney in Idaho would have seriously considered undertaking th[e] matter," and the "unique expertise" of the lawyers involved, which are "not readily found in the Boise market." *Id.* at *6.

14.     The factors that justified the rates the Court awarded in *Latta* and *Cmty. House,*

4

*Inc.* are also present here.  Plaintiffs' attorneys joined this controversial and cutting-edge constitutional case on a contingent basis without knowing when, if ever, they would be paid for their services.  I understand that there were serious deterrents for Boise attorneys to take on this litigation, including because of its contingent nature, because the time expended on it could have taken away from other paying work, and because this case may have conflicted with the representation of other clients.  Indeed it is unlikely that any Boise counsel would have been willing undertake this recent litigation without partnering with out-of-state counsel with relevant expertise and the willingness to commit substantial resources, especially considering the relatively small size of the Boise legal market.  Finally, the lawyers in this case brought expertise and resources that are generally not found in the Boise market, which is not generally profitable grounds for specializing in areas such as civil rights and constitutional law.

15.    The legal work in *Latta* was completed in 2013-14 and the relevant work in *Community House, Inc.* was completed between 2009 and 2012.  Rates in Boise have continued to increase since then.  For example, this Court awarded $400/hour and $425/hour to two lead attorneys for work completed in 2015 and 2016 in *Idaho Rivers United v. Probert*, No. 3:16-CV-00102-CWD, 2017 WL 10751248, at *10 (D. Idaho July 21, 2017), a complex environmental case.  Then, in *Idaho Conservation League v. Atlanta Gold Corp.*, No. 1:11-CV-161-REB, 2020 WL 5848339, at *7 (D. Idaho Sept. 30, 2020), another environmental case, Judge Bush awarded, for work completed between 2016 and 2019, $450/hour to lead counsel, $285/hour to attorneys with 12-15 years of experience, and $250/hour to attorneys with 6-7 years of experience.  Finally, in June of this year, Chief Judge Nye awarded, for work completed in 2019 and 2020 in a commercial dispute involving breach of contract and product warranties, $330/hour for the work of a lead attorney with 11 years of experience, and $250/hour for the work of associates

with 5 years of experience. *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-CV-00519-DCN, 2021 WL 2444157, at *15 (D. Idaho June 15, 2021); *see also Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, No. 4:13-CV-00361-BLW, 2015 WL 769960, at *1 (D. Idaho Feb. 23, 2015) (awarding $455/hour to intellectual property attorney with 24 years of experience).

16.     In addition to attorneys, my experience is that the District of Idaho regularly awards fees for paralegal work. Recent decisions have awarded paralegal fees of $175/hour to $195/hour for experienced paralegals in this market. *See In re Sarria*, 606 B.R. 854, 867 (Bankr. D. Idaho 2019), *aff'd*, 624 B.R. 250 (D. Idaho 2020) (finding rates of $175/hour to $195/hour for work completed in 2018 and 2019 by experienced paralegals to be reasonable); *Dickinson Frozen Foods, Inc.*, 2021 WL 2444157, at *16 (finding "prevailing market rate" for experienced paralegals was $190/hour).

17.     My opinion is further informed by my own rate and that of my colleagues practicing in Boise. My current hourly rate is between $250 and $320, depending on the nature and complexity of the work involved. It is common for attorneys to charge higher rates for contingent work, where there is a risk that the attorney will not be paid, as in this case. It is also common for attorneys to charge higher rates for work requiring a greater skill level or particular expertise, as in this case. My rates also increase yearly to account for my enhanced experience and expertise. A yearly rate increase is common in the Boise area, especially in the first years of practice.

18.     Elam & Burke is considered a mid-size firm in the Boise market. It currently has seventeen attorneys, ten of which are shareholders, and all of which practice in the Boise area. As a mid-sized firm, Elam & Burke is generally able to charge rates lower than large firms in the

Boise area, even for comparable work.  *See Dickinson Frozen Foods, Inc.*, 2021 WL 2444157, at

*15 (recognizing that larger regional firms charge higher rates than smaller, Boise-based law

firms).  I understand that Covington has over 1,200 attorneys across the world.  As a large firm, I

understand that Covington charges higher rates than a typical mid-size firm.

      19.     Finally, my opinion is supported by my understanding of the experience and

expertise each attorney brought to this case, which is set forth in more detail in the paragraphs

below.  I have reviewed each of their résumés.  I have been advised that each of the attorneys for

whom fees are sought graduated from law school in the year shown below, and each is seeking

compensation at the rate shown:

| Attorney | Law School Graduation Year | Rates Sought for Work Performed (By Year) | |
|---|---|---|---|
| | | 2020 Work | 2021 Work |
| Monica Cockerille | 1996 | $410 | $410 |
| Isaac Belfer | 2011 | $280 | $290 |
| Michael Lanosa | 2014 | $250 | $260 |
| Colleen Smith | 2015 | $240 | $250 |

      20.     I understand that Ms. Cockerille, who graduated from the University of Wyoming

College of Law in 1996, has extensive experience both litigating in the District of Idaho and in

helping individuals navigate the legal hurdles of changing an Idaho birth certificate.

Accordingly, Ms. Cockerille brought a unique set of expertise that met the distinct needs of this

case.  I understand that Plaintiffs seek rates of $410/hour for work Ms. Cockerille performed in

2020 and 2021.

      21.     I understand that Mr. Belfer, a former Covington associate and current trial

attorney for the Consumer Protection Branch, Civil Division, at the Department of Justice,

graduated from Harvard Law School in 2011.  I also understand that Mr. Belfer maintained an

active pro bono practice while at Covington, including work representing transgender individuals

and organizations supporting transgender civil rights in civil rights litigation.  I understand that Plaintiffs seek rates of $280/hour and $290/hour for work Mr. Belfer performed in 2020 and 2021, respectively.

22.     I understand that Mr. Lanosa, an associate in Covington & Burling's Los Angeles office, who graduated from the University of Southern California Gould School of Law in 2014, specializes in complex commercial litigation with an emphasis on patent litigation and insurance recovery.  I also understand that Mr. Lanosa maintains an active pro bono practice in which he regularly represents members of the LGBT community, including transgender individuals, and organizations that support transgender civil rights in a variety of legal matters, from civil rights litigation to asylum applications.  I understand that Plaintiffs seek rates of $250/hour and $260/hour for work Mr. Lanosa performed in 2020 and 2021, respectively.

23.     I understand that Ms. Smith, a 2015 graduate of William & Mary Law School, was an associate in Covington & Burling's Washington, D.C. office until March of 2021, when she became an associate in Hawley Troxell Ennis & Hawley's Boise, Idaho office.  I understand that Ms. Smith brings extensive knowledge of the District of Idaho, having clerked for Chief Judge David Nye, worked as an extern for Judge Lynn Winmill, and clerked for Ninth Circuit Judge N. Randy Smith.  Ms. Smith has also represented numerous clients in commercial disputes before the District of Idaho as part of her diverse civil litigation practice.  I further understand that Ms. Smith maintains an active pro bono practice that has included several complex civil rights cases.  I understand that Plaintiffs seeks rates of $240/hour and $250/hour for work Ms. Smith performed in 2020 and 2021, respectively.

24.     I believe, based on (1) prior fee awards issued by this Court in similar cases; (2) my knowledge and experience regarding prevailing market rates in Boise; and (3) the years

of experience and the level of expertise each attorney brought to this case, that the above

requested hourly rates are within reasonable ranges and consistent with the prevailing rates in

Boise for legal services provided by comparable attorneys in comparable cases.

      25.     I further understand that, as part of demonstrating the reasonableness of the fees

sought, Plaintiffs are not seeking any fees for three Covington attorneys who worked on this

case:  Jean Veta, William Isasi, and Henry Liu.  I have reviewed each of their résumés.  Their

relevant experience and the rates they could reasonably command based on prevailing rates in

Boise for legal services provided by comparable attorneys in comparable cases are set forth

below.

      26.     I understand that Ms. Veta, a senior counsel and former partner in Covington's

Washington, D.C. office who graduated from Tulane University School of Law in 1981, is one

of the premier banking and financial regulatory enforcement litigators in the country.  I further

understand that Ms. Veta has maintained an active *pro bono* practice throughout her career, in

which she has taken on many civil rights cases and matters of interest to the LGBT community.

Were Plaintiffs to seek Boise rates for Ms. Veta's work, Plaintiffs reasonably could seek a rate of

at least $450/hour for work performed in both 2020 and 2021.

      27.     I understand that Mr. Isasi, who graduated from Georgetown University Law

Center in 1998, is an accomplished international trade litigator and Of Counsel in Covington's

Washington, D.C. office.  I further understand that Mr. Isasi maintains an active *pro bono*

practice in which he regularly litigates cases on behalf of LGBT individuals.  Were Plaintiffs to

seek Boise rates for Mr. Isasi's work, Plaintiffs reasonably could seek a rate of at least $400/hour

for work performed by Mr. Isasi in 2020 and 2021.

      28.     I understand that Mr. Liu, a partner in Covington & Burling's Washington, D.C.

office who graduated from Yale Law School in 2007, is an award winning anti-trust and consumer class action attorney.  I also understand that Mr. Liu has a track record of successfully representing minority groups and civil rights organizations in discrimination suits as part of his pro bono practice.  Were Plaintiffs to seek Boise rates for Mr. Liu's work, Plaintiffs reasonably could seek rates of at least $320/hour and $330/hour for work performed by Mr. Liu in 2020 and 2021, respectively.

29.     Finally, I understand that Plaintiffs' legal team at Lambda Legal Defense and Education Fund ("Lambda Legal"), who are based outside of Idaho, are seeking out-of-forum rates, given Lambda Legal's representation of Plaintiffs in the original litigation that resulted in the 2018 court rulings.  Should the Court choose not to award out-of-forum rates to these attorneys, I also offer my opinion regarding the in-forum rates that would be reasonable for them and consistent with the prevailing rates in Boise for legal services provided by comparable attorneys and support staff in comparable cases.  Notably, all of the Lambda Legal attorneys have specialized experience litigating LGBT rights cases.  That specialized experience justifies a higher hourly rate than would be appropriate for an attorney without that relevant experience. *See Latta*, 2014 WL 7245631, at *4.  I have been advised that each of the Lambda Legal attorneys graduated from law school in the year shown below, and that the paralegal on the Plaintiffs' legal team has the years of experience shown below.  Based on my review of each Lambda Legal attorney's résumé, the applicable case law outlined above, and my personal knowledge of the rates in the Boise legal market, each Lambda Legal attorney could reasonably seek the following in-forum rates for their work in this case:

| Attorney | Law School Graduation Year | Reasonable Forum Rates for Work Performed (By Year) | |
|---|---|---|---|
| | | **2020 Work** | **2021 Work** |
| Peter Renn | 2006 | $360 | $370 |
| Kara Ingelhart | 2015 | $270 | $280 |
| Nora Huppert | 2019 | $210 | $220 |

| Paralegal | Years of Experience | Reasonable Forum Rate for Work Performed in 2020 and 2021 |
|---|---|---|
| Jamie Farnsworth | 14 | $175 |

30.     I understand that Peter Renn, Counsel with Lambda Legal, graduated from Harvard Law School in 2006, and has specialized exclusively in LGBT impact litigation since 2010.  I also understand that Mr. Renn has significant experience litigating the constitutionality of government discrimination against transgender people, including in obtaining the Ninth Circuit precedent holding that such discrimination is subject to heightened scrutiny in *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019).  Plaintiffs reasonably could seek forum rates of at least $360/hour and $370/hour for work Mr. Renn performed in 2020 and 2021, respectively.

31.     I understand that Kara Ingelhart, Staff Attorney with Lambda Legal, graduated from the University of Chicago Law School in 2015, was awarded a Skadden Fellowship, and has specialized exclusively in LGBT impact litigation for her entire legal career.  I further understand that Ms. Ingelhart has significant experience challenging the constitutionality of government restrictions against allowing transgender people to access identity documents consistent with their gender identity, including in Ohio, Kansas, Puerto Rico, and Idaho. Plaintiffs reasonably could seek forum rates of $270/hour and $280/hour for work Ms. Ingelhart performed in 2020 and 2021, respectively.

32.     I understand that Nora Huppert, Staff Attorney with Lambda Legal, graduated from Columbia Law School in 2019, was awarded the Renberg Fellowship, and has specialized

11

exclusively in LGBT impact litigation since she began her legal career.  I also understand that

Ms. Huppert has litigation experience seeking to vindicate the federal constitutional rights of

transgender people, including in Alaska and West Virginia.  Plaintiffs reasonably could seek

forum rates of at least $210/hour and $220/hour for work performed by Ms. Huppert in 2020 and

2021, respectively.

33.     I understand that Jamie Farnsworth has 14 years of paralegal experience at

Lambda Legal supporting LGBT impact litigation.  Plaintiffs reasonably could seek a forum rate

of at least $175 for work performed by Ms. Farnsworth in 2020 and 2021.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

DATED: September 29, 2021

Thomas J. Lloyd III