Peter C. Renn (Admitted *Pro Hac Vice*)
prenn@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
800 S. Figueroa St., Ste. 1260
Los Angeles, CA 90010
Tel: (213) 382-7600 | Fax: (855) 535-2236

Nora Huppert (Admitted *Pro Hac Vice*)
nhuppert@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
3656 North Halsted St.
Chicago, IL 60613
Tel: (312) 663-4413 | Fax: (855) 535-2236

Monica G. Cockerille (ISB No. 5532)
monica@cockerillelaw.com
Cockerille Law Office, PLLC
155 W. Shoreline Dr., Ste. 100
Boise, ID 83702
Tel: (208) 343-7676 | Fax: (866) 226-2499

D. Jean Veta (Admitted *Pro Hac Vice*)
jveta@cov.com
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001
Tel: (202) 662-5294

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| F.V. and DANI MARTIN,<br><br>*Plaintiffs*,<br><br>v.<br><br>JULIET CHARRON, in her official capacity as Director of the Idaho Department of Health and Welfare; ELKE SHAW-TULLOCH, in her official capacity as Administrator of the Division of Public Health for the Idaho Department of Health and Welfare; and JAMES AYDELOTTE, in his official capacity as State Registrar and Chief of the Bureau of Vital Records and Health Statistics,<br><br>*Defendants*. | Case No. 1:17-cv-00170-REP<br><br>**MOTION TO AMEND JUDGMENT TO VOLUNTARILY DISMISS PLAINTIFF F.V. WITH PREJUDICE** |

Pursuant to Federal Rules of Civil Procedure 7(b), 21, 41, and 60(b) and District of Idaho Local Civil Rule 7.3, Plaintiff F.V. hereby moves this Court to amend the existing judgment in

this action to voluntarily dismiss Plaintiff F.V. from this case with prejudice. In support, Plaintiff F.V. states as follows:

1. This Court entered final judgment in this case on April 20, 2018 (ECF No. 43). In that judgment, the Court permanently enjoined "Defendants and their officers, employees, and agents" from "practicing or enforcing the policy of automatically rejecting applications from transgender people to change the sex listed on their birth certificates."

2. By order of June 1, 2020 (ECF No. 58), this Court clarified that the judgment "enjoin[s] IDHW Defendants and their officers, employees, and agents from automatically rejecting applications from transgender people to change the sex listed on their birth certificates" and, *inter alia*, "require[s] that IDHW Defendants and their officers, employees, and agents accept applications made by transgender people to change the sex listed on their birth certificates."

3. By order of August 7, 2020 (ECF No. 75), this Court further clarified its judgment applies notwithstanding Idaho Code § 39-245A, which was enacted in March 2020 and became effective on July 1, 2020.

4. More than five years later, on October 3, 2025 (ECF No. 92), Defendants filed a motion to dissolve the permanent injunction under Federal Rule of Civil Procedure 60(b)(5). Plaintiffs' response to that motion (including on behalf of Plaintiff Dani Martin) is currently due on November 21, 2025.

5. After learning that Defendants have sought to reopen this matter, Plaintiff F.V. has determined that she no longer wishes to participate in the litigation and intends to dismiss her claims against Defendants with prejudice.

6.  The requested relief is authorized by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 21 "invests district courts with authority to allow" a party "to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for, *inter alia*, "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In addition, Rule 41 allows a court to dismiss an action "at the plaintiff's request … by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41 "permits the dismissal of a single plaintiff in a multiple-plaintiff case" where, as here, that plaintiff dismisses "all claims that [she] brought against any defendant." *Weinstein v. 440 Corp.*, 146 F.4th 1046, 1048 (11th Cir. 2025).

7.  As noted, Defendants' motion to dissolve the permanent injunction remains pending, and this Court should adjudicate that motion in due course. In the interim, however, Plaintiff F.V. should be dismissed from this action.

8.  Each plaintiff is the "master of [her] complaint" who "gets to determine which substantive claims to bring against which defendants." *Walker v. State*, __ F.4th __, 2025 WL 2970598, at *7 (9th Cir. Oct. 22, 2025) (quotes omitted). If a plaintiff wishes to exit the litigation, "[a] district court should grant a motion for voluntary dismissal … unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). And courts have noted the absence of any "precedent 'where a plaintiff, upon his own motion, was denied the right to dismiss his case *with* prejudice.'" *Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 747 (6th Cir. 2023) (quoting *Smoot v.*

3

*Fox*, 340 F.2d 301, 302 (6th Cir. 1964) (per curiam)); *see also D&M Millwork, Inc. v. Elite Trimworks Corp.*, No. 2:08-0101, 2010 WL 547154, at *3 (M.D. Tenn. Feb. 10, 2010) (collecting cases). Here, because Plaintiff F.V. agrees to terminate her claims with prejudice, her dismissal from the litigation plainly will not cause any harm to Defendants. *See, e.g.*, *Smith*, 263 F.3d at 976 (affirming order of voluntary dismissal as to plaintiff who dismissed his federal claims with prejudice, noting that such a dismissal "caused no legal prejudice" to defendants).

9. Plaintiffs' counsel have consulted with counsel for Defendants, who have indicated that Defendants will file an appropriate response with their position after this motion has been filed.

\*     \*     \*     \*

Accordingly, Plaintiff F.V. requests that the Court enter an order amending the judgment to dismiss Plaintiff F.V. with prejudice.

DATED: November 12, 2025

By:   /s/ Peter C. Renn

Peter C. Renn (Admitted *Pro Hac Vice*)
prenn@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
800 S. Figueroa St., Ste. 1260
Los Angeles, CA 90010
Tel: (213) 382-7600 | Fax: (855) 535-2236

Nora Huppert (Admitted *Pro Hac Vice*)
nhuppert@lambdalegal.org
Lambda Legal Defense and Education Fund, Inc.
3656 North Halsted St.
Chicago, IL 60613
Tel: (312) 663-4413 | Fax: (855) 535-2236

Monica G. Cockerille
monica@cockerillelaw.com
Cockerille Law Office, PLLC
155 W. Shoreline Dr., Ste. 100
Boise, ID 83702
Tel: (208) 343-7676 | Fax: (866) 226-2499

D. Jean Veta (Admitted *Pro Hac Vice*)
jveta@cov.com
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001
Tel: (202) 662-5294

*Attorneys for Plaintiffs*